■ ROSE MEINWALD, Respondent, v LAWRENCE MEINWALD, Appellant.—Judgment, Supreme Court, New York County, filed July 22, 1976, granting plaintiff's motion for summary judgment, is unanimously reversed, on the law, and vacated, without costs and without disbursements, and summary judgment is granted to defendant dismissing the complaint. Plaintiff ex-wife brought an action for specific performance of a provision in a separation agreement that defendant ex-husband "maintain and pay premiums on existing policies insuring his life and naming the wife as beneficiary." At the time the parties executed the agreement in 1967, defendant had three policies on his life naming plaintiff as beneficiary—two Phoenix Mutual policies and one Bankers Security policy. Plaintiff claims that she had no knowledge of the Bankers Security policy until 1972, at which time she also found out defendant had removed her as beneficiary under that policy and had named their children as beneficiaries instead. In 1973 during the course of divorce proceedings, the parties entered into a stipulation in open court. That stipulation stated that the "only obligation" of defendant to plaintiff was that spelled out in the judgment to be entered in the divorce action plus defendant's responsibility to pay the insurance premiums on the Phoenix Mutual policies. There was no mention of any obligation of defendant to pay the insurance premiums on the Bankers Security policy. The separation agreement provided that it "may be amended or annulled only by a written agreement signed by both of the parties". Such a clause would normally have the effect of protecting the separation agreement from change by an executory agreement "unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought." (General Obligations Law, § 15-301 subd 1.) In our view, however, subdivision 1 of section 15-301 of the General Obligations Law was not intended to cover the situation presented by the case at bar—a stipulation solemnly entered into on the record in open court. "A stipulation made in open court partakes of the nature of a contract [It] should carry no less weight than a written agreement subscribed and acknowledged outside of court." (Martin v Martin, 63 Misc 2d 530, 533.) Furthermore, we see no question of fact requiring a trial. Whatever may have been the situation at the time of the

separation agreement, it is undisputed that plaintiff knew, as early as June, 1972, of the existence of the Bankers Security policy here involved, and of the fact that her children were named as beneficiaries in that policy. It is also undisputed that she was aware of this fact and it was explicitly discussed with her attorney at the time of the stipulation in the divorce action on August 1, 1973. In that stipulation, it was specifically agreed that the only obligation of defendant husband to plaintiff wife was that spelled out in the judgment of the divorce action plus his responsibility of payment of insurance premiums on the two Phoenix Mutual policies. It is further undisputed that plaintiff specifically agreed with her attorney to relinquish to her children the interest in the Bankers Security policy and to let the policy stand as it was with the children named as beneficiaries. Plaintiff's only complaint after that was that the judgment should have provided that the designation of the children as beneficiaries should be irrevocable. The stipulation and judgment did not so provide, and her attorney perhaps did not follow through on her request to have the judgment amended accordingly. Without passing on whether plaintiff still has a right to have the judgment amended, it is clear she no longer has the right sued for in this complaint, the right based on the prior property settlement to have herself named as the beneficiary of the Bankers Security policy. We hold that defendant's obligations under the separation agreement were effectively modified by the stipulation and that Special Term erred in granting summary judgment to the plaintiff on the basis of the original separation agreement. We have the power to grant summary judgment to either party (cf. *De Rosa v Slattery Contr. Co.,* 14 AD2d 278, 280, affd 12 NY2d 735), and we direct summary judgment in favor of defendant. Concur—Murphy, J. P., Silverman, Capozzoli, Lane and Markewich, JJ.