■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. ANONYMOUS, Appellant, v ANONYMOUS, Respondent. ANONYMOUS, Respondent, v ANONYMOUS, Appellant. ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [677 NYS2d 573] —Orders, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered August 8, 1997, which, insofar as appealed from, denied defendant husband's cross motion to dismiss plaintiff wife's cause of action for annulment for failure to state a cause

of action; entered September 2, 1997 and March 5, 1998, which, insofar as appealed from, awarded plaintiff interim counsel fees; and entered February 18, 1998, which awarded plaintiff temporary maintenance for the purpose of purchasing furniture for the apartment in which she and the parties' child have taken up residence, unanimously affirmed, without costs. Order, same court and Justice, entered March 20, 1998, which granted defendant's motion to renew and reargue a prior order, entered August 14, 1997, declaring a prenuptial agreement to be unenforceable, to the extent of granting reargument on the issue of whether the absence of an acknowledgment is curable, and, upon such reargument, declared the prenuptial agreement to be enforceable, unanimously reversed, on the law and the facts, without costs, the motion to renew and reargue is denied, and the order of August 14, 1997 is reinstated insofar as it held the agreement to be unenforceable.

Defendant's motion to renew and reargue should not have been granted, based as it was, on evidence, namely, a certificate of acknowledgment, that defendant could have but did not submit on the original motion (*see, Foley v Roche*, 68 AD2d 558, 568). In any event, we would not permit defendant to cure this defect in the agreement by an alleged acknowledgement in affidavit form which was executed and which surfaced some 12 years after the fact in the midst of a contested matrimonial action in light of the required formalities of Domestic Relations Law § 236 (B) (3) (*cf., Matisoff v Dobi*, 90 NY2d 127).

Concerning the cause of action for annulment, the complaint sets forth facts sufficient to give defendant notice of the behavior claimed to constitute incurable mental illness under Domestic Relations Law § 7 (5) and § 140 (f), and there is no merit to defendant's claim that Domestic Relations Law § 7 (5) violates the Federal Americans with Disabilities Act (*see, Kapner v Kapner*, 1996 US Dist LEXIS 8541 [ED Pa, June 18, 1996, Green, J.]). Any perceived inequities in the awards of interim counsel fees and temporary maintenance should be remedied at trial (*see*, 241 AD2d 353). Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.