■ SCHOEMAN, MARSH & UPDIKE, L. L. P., Appellant, v STEPHEN J . DOBI, Respondent. [694 NYS2d 650] —Order, Supreme

Court, New York County (Paula Omansky, J.), entered December 30, 1998, which denied plaintiff's motion for partial summary judgment dismissing defendant's counterclaim for legal malpractice, unanimously reversed, on the law, without costs, plaintiff's motion granted and defendant's counterclaim for legal malpractice dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff represented defendant in a matrimonial action and failed to request the Trial Judge to execute a certificate of acknowledgment of a 13-year old postnuptial agreement. The postnuptial opting out agreement had been executed in 1981, one month after defendant and his former wife were married; it was never acknowledged or certified as required by law (Domestic Relations Law § 236 [B] [3]). At trial of the matrimonial action, plaintiff argued on behalf of defendant that the agreement should be enforced in equity due to ratification by the parties' conduct during the marriage. The trial court ruled the agreement unenforceable since the Legislature did not intend to permit retroactive validation during a divorce proceeding of an agreement designed to control future rights. On appeal, this Court reversed, relaxing the formalities since there were no allegations of fraud or duress but the Court of Appeals reinstated the trial court's decision, holding that the agreement could not be ratified by conduct (*Matisoff v Dobi*, 90 NY2d 127, *revg* 228 AD2d 200). In dicta, the Court noted that there were precedents that permit a written acknowledgment to be supplied after execution but that since no request had been made for certification, this postnuptial agreement was unenforceable.

Plaintiff thereafter commenced the present action for unpaid legal fees. Defendant interposed a counterclaim for legal malpractice based upon, *inter alia*, plaintiff's failure to request the trial court to certify the parties' acknowledgment of the agreement. Plaintiff's motion for partial summary judgment dismissing this part of defendant's counterclaim was denied by the motion court, which held that whether plaintiff's chosen strategy of curing the unacknowledged nuptial agreement was reasonable required factual determinations appropriately left to a jury.

In *Anonymous v Anonymous* (253 AD2d 696), we held that parties in the midst of a divorce proceeding should not be able to obtain retroactive validation of a postnuptial agreement. An insistence upon the formalities mandated by the Legislature requires that the parties have contemporaneously demonstrated the deliberate nature of their agreement. This provides

a bright line for distinguishing enforceable and unenforceable agreements, and promotes consistency and predictability (*Matisoff v Dobi*, 90 NY2d, *supra*, at 134-136). Defendant's attempts to distinguish this case from *Anonymous* are unpersuasive. In any event, defendant has further failed to demonstrate that but for the alleged negligence of plaintiff he would have prevailed in the underlying action. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.