■ Public Administrator of Nassau County, Appellant, v Lance Wolfson, Respondent. [725 NYS2d 48] —In an action, inter alia, to recover damages for breach of a separation agreement, the Public Administrator of Nassau County, as the Special Administrator of the Estate of the plaintiff, Piper Martell, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated July 1, 1997, as granted those branches of the defendant's motion which were for summary judgment dismissing the first through sixth and the ninth through fifteenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment entered December 21, 1993. Their separation agreement was incorporated but not merged in the divorce judgment. In March 1995 the parties entered into a two-part stipulation in Family Court. The first portion of the stipulation concerned issues regarding custody of the parties' two minor children, while the second portion concerned financial matters.

The wife commenced the instant plenary action to enforce the separation agreement and to rescind the second portion of the stipulation based on a variety of grounds, including fraud, duress, coercion, mistake, and lack of consideration. The Supreme Court properly dismissed the first through sixth and ninth through fifteenth causes of action on the grounds either that those causes of action did not state cognizable claims (see, Freihofer v Hearst Corp., 65 NY2d 135; Partridge v Myerson, 162 AD2d 507; Eller v Eller, 136 AD2d 678; Meinwald v Meinwald, 56 AD2d 565), or were unsupported by the record (see, Zuckerman v City of New York, 49 NY2d 557).

The wife also sought to set aside the second portion of the stipulation on the ground that it did not comply with the mandates of CPLR 2104 and Domestic Relations Law § 236 (B) (3). However, the stipulation, which was placed on the record in the parties' presence by their respective attorneys before a Judge of the Family Court, and which was memorialized by an official court stenographer, satisfied the "open court" requirements of CPLR 2104 (*see generally, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 4-5; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:2, at 762). Under the circumstances, the stipulation was not invalid on the ground that it did not comply with the requirements of Domestic Relations Law § 236 (B) (3) (*see, Harrington v Harrington,* 103 AD2d 356).

The plaintiff's contention that the court erred in appointing a private attorney to supervise disclosure is not properly before us on this appeal, as that issue was the subject of a prior order and not the order appealed from.

The plaintiff's remaining contentions are without merit. Altman, J. P., Krausman, Luciano and Schmidt, JJ., concur.