Jon S. **POSNER**, Plaintiff,

v.

**MARCUS & MILLICHAP CORPORATE REAL ESTATE SERVICES, et al., Defendants.**

**No. 01 CIV 10767(LAK).**

United States District Court, S.D. New York.

Jan. 17, 2002.

Steven E. Weiss, Benedict Ginsberg, Sommerfield & Weiss, P.C., New York City, for Plaintiff.

Stephen Sheinfeld, Andrew T. Hahn, Winston & Strawn, New York City, for Defendant Marcus & Millichap Real Estate Investment Brokerage Company (sued herein in its own right and incorrectly as Marcus & Millichap Corporate Real Estate Services and Marcus & Millichap Real Estate Services, Inc.)

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action was removed from New York Supreme Court, County of New York, on the basis of diversity of citizenship. Defendant Marcus & Millichap Real Estate Investment Brokerage Company (sued in its own right and incorrectly as Marcus & Millichap Corporate Real Estate Services and Marcus & Millichap Corporate Real Estate Services, Inc.) ("M & M") moves to dismiss for failure to state a claim upon which relief may be granted. The plaintiff, having obtained an extension

of time through January 11, 2002 within which to respond to the motion, has failed to do so.

The complaint contains two claims for relief. The first alleges anticipatory breach of an employment contract, asserting that M & M on July 5, 2000 hired plaintiff as a regional manager for a term of one year to commence on August 7, 2000 and then fired him on July 21, 2000 prior to the commencement of the term. The second alleges that the defendant breached the contract because of plaintiff's age, thus violating the New York State Human Rights Law.[1]

*The Contract Claim*

The New York Statute of Frauds[2] provides in relevant part that every agreement which "[b]y its terms is not to be performed within one year from the making thereof ..." is void "unless it or some note or memorandum thereof by in writing, and subscribed by the party to be charged therewith or his lawful agent ..." In an appropriate case, it may be raised on a motion to dismiss.[3]

■ By virtue of its one year term, the contract alleged here could not have been performed fully *"within* one year" and therefore is within the Statute of Frauds.[4] The complaint in this case does not allege the existence of a written contract. Plaintiff has not responded to the motion to dismiss, which clearly placed the existence of a legally sufficient writing in issue, thus declining the opportunity to come forth with either an assertion or evidence of a writing. Nevertheless, a memorandum or writing sufficient to satisfy the Statute of Frauds may be within the defendant's possession, and its existence may be unknown to the plaintiff. Similarly, defendant might admit the existence of the contract.[5] It therefore would be inappropriate, despite plaintiff's default, to dismiss on Statute of Frauds grounds before giving plaintiff an opportunity to attempt to adduce an admission or evidence of the existence of the requisite writing.[6]

*The Age Discrimination Claim*

■ In order to make out a *prima facie* case under the NYSHRL, a plaintiff must demonstrate (1) membership in a protected class or age group, (2) qualification for the position, (3) an adverse employment action, and (4) that the action took place in circumstances giving rise to an inference of discrimination.[7] In this case, the first three prongs of the *prima facie* case plainly are alleged in the complaint.[8] The question is whether plaintiff's

---

1. N.Y.Exec. L. § 296, subd. 1(a), 3–a(a) (McKinney 2001) ("NYSHRL").

2. N.Y. Gen. Bus. L. § 5–701(a)(1) (McKinney 2001).

3. *See, e.g.,* 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357 n. 70 (1990).

4. *Miller v. Tawil,* 165 F.Supp.2d 487, 494 (S.D.N.Y.2001).

5. *See Matisoff v. Dobi,* 90 N.Y.2d 127, 134, 659 N.Y.S.2d 209, 212, 681 N.E.2d 376 (1997) (admission renders enforceable oral contract otherwise within statute of frauds).

6. *See, e.g., ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 861–63 (3d Cir.1994).

7. *See, e.g., Austin v. Ford Models, Inc.,* 149 F.3d 148, 152 (2d Cir.1998).

8. Unlike the comparable federal statute, which applies only to persons over 40, the NYSHRL protects all persons over the age of 18 against age discrimination. N.Y. Exec. L. § 296, subd. 3–a(a); *see Mastrangelo v. Kidder, Peabody & Co.,* 722 F.Supp. 1126, 1133 (S.D.N.Y.1989). A trier of fact reasonably could infer from plaintiff's allegation that the defendant hired him as a regional manager at any annual salary of $275,000 that he is within the protected class.

allegation, on information and belief, that "the reason for defendants' [*sic*] breach of their agreement with plaintiff was the age of the plaintiff" is sufficient at the pleading stage to state a claim upon which relief may be granted.

 The pleading burden on an employment discrimination plaintiff, like his or her burden in making out a *prima facie* case in resisting a motion for summary judgment dismissing the complaint, is minimal.[9] In light of this principle, a bald allegation of a discriminatory motive for an alleged adverse employment action might well suffice to defeat a motion to dismiss the complaint in many cases. But this is not the usual case.

The complaint here alleges that defendant entered into the employment contract with plaintiff on July 5, 2000 and then repudiated the agreement on July 21, 2000, sixteen days later. Plaintiff was almost precisely the same age on both days. In the absence of something to suggest that age entered into the employer's equation in this sixteen day period, no reasonable trier of fact could find that age played a role in the decision to repudiate the contract.[10] The Court therefore holds that this complaint fails to state a claim of age discrimination upon which relief may be granted.

*Conclusion*

Accordingly, defendant's motion to dismiss the complaint is granted to the extent that the second claim for relief is dismissed and denied in all other respects. As the deficiency underlying this ruling conceivably might be cured by amendment, plaintiff may serve and file an amended complaint on or before January 28, 2002.

SO ORDERED.

---

9. *See, e.g., Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir.1998).

10. This follows by analogy to the so-called "same actor" rule—the established principle that the fact that an employee was hired and fired within a short period by the same person is strong evidence of the absence of discriminatory motive. *See, e.g., Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997), *cert. denied*, 525 U.S. 936, 119 S.Ct. 349, 142 L.Ed.2d 288 (1998).