■ DANIELA BALLESTEROS, Respondent, v ROBERT BALLESTEROS, Appellant. [26 NYS3d 571]—

Appeal from a judgment of divorce of the Supreme Court, Putnam County (Francis A. Nicolai, J.), dated January 15, 2014. The judgment, insofar as appealed from, upon a decision dated December 13, 2013, made after a framed-issue hearing, awarded the plaintiff the principal sum of $250,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of an appropriate amended judgment in accordance herewith.

The parties were married on July 27, 2008. Prior to the marriage, on July 23, 2008, the parties signed a prenuptial agreement "opting-out" of New York's statutory scheme governing maintenance and equitable distribution. Thereafter, in the summer of 2009, the husband told the wife he wanted a divorce and she needed to leave his home. The wife began looking for a place to live. The husband then changed his mind and told the wife he did not want to get divorced and that they should try to resolve their problems. The wife did not want to get divorced and told the husband she was willing to work on their marriage but she needed financial security from him. The husband agreed to sign a document entitled "Promissory Note" in which he agreed to purchase a condominium for the wife, in the event of a divorce, in an amount not less than $250,000. The wife drafted the agreement, and both she and the husband signed it on September 3, 2009. The husband told the wife he would return the agreement to her after he had it notarized. A notary

signed the agreement but did not attach a certificate of acknowledgment.

The parties continued to work on their marriage, but at some point thereafter, the husband again asked the wife to leave his home. The wife commenced this action on June 14, 2012, inter alia, for a divorce and ancillary relief, and to enforce the promissory note.

The Supreme Court held a framed-issue hearing to determine whether the agreement was enforceable. After the hearing, the court issued a decision dated December 13, 2013, which held that the document entitled "Promissory Note" was an enforceable agreement, and directed the husband to pay the wife $250,000. Judgment was entered upon the court's decision and in accordance with the prenuptial agreement and a stipulation of settlement dated December 30, 2013. The husband appeals from so much of the judgment as awarded the wife the principal sum of $250,000.

Contrary to the wife's contention, the agreement signed by the parties, despite its title of a "Promissory Note," was an agreement between spouses subject to Domestic Relations Law § 236 (B) (3). Pursuant to Domestic Relations Law § 236 (B) (3), "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." A written agreement between parties made before or during a marriage which does not meet the formalities of Domestic Relations Law § 236 (B) (3) is not enforceable (*see Galetta v Galetta*, 21 NY3d 186, 192 [2013]; *Matisoff v Dobi*, 90 NY2d 127, 130 [1997]; *Rio v Rio*, 110 AD3d 1051, 1053 [2013]). Therefore, a postnuptial agreement that is signed but not acknowledged is invalid and unenforceable in a matrimonial action (*see Galetta v Galetta*, 21 NY3d at 192; *Matisoff v Dobi*, 90 NY2d at 135; *Rio v Rio*, 110 AD3d at 1053). Here, although the postnuptial agreement was signed by a notary public, it is uncontroverted that it was not properly acknowledged. Therefore, the agreement is unenforceable (*see Galetta v Galetta*, 21 NY3d at 192; *Matisoff v Dobi*, 90 NY2d at 135; *D'Elia v D'Elia*, 14 AD3d 477, 478 [2005]).

The wife's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.