Matter of Jason (Sonia O.) (2018 NY Slip Op 01922)





Matter of Jason (Sonia O.)


2018 NY Slip Op 01922


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2018-00625
 (Docket No. A-118-17)

[*1]In the Matter of Jason (Anonymous). Sonia O. (Anonymous), appellant.


Warren & Warren, P.C., Brooklyn, NY (Ira L. Eras of counsel), for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 14, 2017. The order dismissed, without prejudice, on the ground of lack of standing, the appellant's petition pursuant to Domestic Relations Law article 7 for adoption of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a determination of the petition on the merits.
The petitioner commenced this proceeding to adopt her grandson, who was placed with her in foster care and freed for adoption. The SCO Family of Services, which placed the child with the petitioner, has approved the adoption. The petitioner has been separated from her spouse since June 2016, and a separation agreement was executed by the petitioner and her spouse and duly acknowledged on May 12, 2017. The Family Court determined that the separation agreement was insufficient to comply with the requirements of Domestic Relations Law § 110 because it was merely an agreement by the parties to live separately and apart and did not contain any substantive provisions settling marital issues. The court thus concluded that the petitioner lacked standing under Domestic Relations Law § 110 to adopt without her spouse and dismissed the petition without prejudice based on lack of standing. The petitioner appeals.
Domestic Relations Law § 110 dictates who has standing to adopt, and should be strictly construed in harmony with the legislative purpose that adoption is a means of securing the best possible home for a child (see Matter of Jacob , 86 NY2d 651, 657-658). As relevant here, an "adult married person who is living separate and apart from his or her spouse . . . pursuant to a written agreement of separation subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded . . . may adopt another person" without his or her spouse (Domestic Relations Law § 110).
A separation agreement may contain substantive provisions settling marital issues such as equitable distribution and maintenance (see Domestic Relations Law § 236[B][3]). However, "[t]he agreement is simply intended as evidence of the authenticity and reality of the separation'" (Christian v Christian , 42 NY2d 67, 70, quoting Gleason v Gleason , 26 NY2d 28, 35). Thus, for example, where the substantive provisions of a separation agreement have been invalidated as unconscionable, the agreement "generally . . . may still be accepted for the sole purpose of [*2]evidencing the parties' agreement to live separate and apart, thus satisfying the statutory requirement in respect to a separation agreement" in providing grounds for a conversion divorce under Domestic Relations Law § 170(6) (Christian v Christian , 42 NY2d at 70).
Here, the separation agreement evidences the parties' agreement to live separate and apart. The agreement is in writing, subscribed by the parties thereto, and acknowledged in the form required to entitle a deed to be recorded (see Domestic Relations Law § 110; Matisoff v Dobi , 90 NY2d 127). Therefore, it satisfies the statutory requirement of the adoption statute with respect to a separation agreement (see Domestic Relations Law § 110; Christian v Christian , 42 NY2d at 70). Accordingly, the Family Court erred in determining that the petitioner lacked standing to adopt without her spouse and in dismissing the petition without prejudice on that basis.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court