Sim Chor Chin-Cheung v Cheung (2023 NY Slip Op 00301)

Sim Chor Chin-Cheung v Cheung

2023 NY Slip Op 00301

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-02763
 (Index No. 5592/18)

[*1]Sim Chor Chin-Cheung, respondent, 
v
James Kin On Cheung, appellant.

Philip A. Greenberg, P.C., New York, NY, for appellant.
Brian Shengjin Yang, Flushing, NY (Daniel L. Millman of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (William A. Viscovich, J.), entered October 28, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a determination that a certain "letter of intent" is an invalid and unenforceable postnuptial agreement and denied those branches of the defendant's cross-motion which were for a determination that the "letter of intent" is enforceable or, in the alternative, to direct the plaintiff to return to him all shares of the subject corporation or a sum equal to the value of those shares.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1964. During the marriage, the parties signed an agreement entitled "Letther [sic] of Intent Between [the defendant] and [the plaintiff] Property Ownership Agreement" in which the parties agreed not to share assets with each other in the event of a divorce if the defendant transferred all shares of a certain corporation to their adult son (hereinafter the letter of intent). In 2018, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff moved, inter alia, for a determination that the letter of intent is an invalid and unenforceable postnuptial agreement. The defendant opposed and cross-moved, among other things, for a determination that the letter of intent is enforceable, or, in the alternative, to direct the plaintiff to return to him all shares of the corporation or a sum equal to the value of those shares. In an order entered October 28, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied those branches of the defendant's cross-motion. The defendant appeals.
Contrary to the defendant's contention, the letter of intent was an agreement between spouses subject to Domestic Relations Law § 236(B)(3). A written agreement between spouses made before or during a marriage concerning the ownership, division, or distribution of property which does not meet the formalities of Domestic Relations Law § 236(B)(3) is not enforceable (see Galetta v Galetta, 21 NY3d 186, 192; Matisoff v Dobi, 90 NY2d 127, 130). Pursuant to Domestic Relations Law § 236(B)(3), "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Here, the letter of intent is unenforceable because it did not comply with the Domestic Relations Law § [*2]236(B)(3) requirement that signatures must be acknowledged or proven in the manner required to record a deed (see Galetta v Galetta, 21 NY3d at 192; Matisoff v Dobi, 90 NY2d at 135). The defendant's contentions that the letter of intent, although unacknowledged, should be enforced based on theories such as promissory estoppel, ratification, or unjust enrichment are unavailing (see Matisoff v Dobi, 90 NY2d at 134).
The defendant's contention that the plaintiff should return all shares of the subject corporation to the defendant is without merit. Additionally, any directive that affects the disposition of marital or separate property is premature inasmuch as the Supreme Court has not yet determined the rights of the parties in their separate and marital property (see Kaufman v Kaufman, 189 AD3d 31, 52; Lee v Lee, 131 AD2d 820, 821).
The defendant's remaining contentions are not properly before this Court.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court