Barone v Clopton (2023 NY Slip Op 05309)

Barone v Clopton

2023 NY Slip Op 05309

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 303097/16 Appeal No. 855-856 Case No. 2021-04727, 2021-04746 

[*1]Medina Barone, Plaintiff-Respondent,
v
Michael Clopton, Defendant-Appellant. 

Stinvil Law PLLC, New York (Frasilie Stinvil of counsel), for appellant.

Judgment, Supreme Court, New York County (Matthew F. Cooper, J.), entered March 9, 2021, to the extent appealed from as limited by the briefs, awarding plaintiff $76,000 for loans she made to defendant during the marriage, as memorialized by promissory notes, and $36,200 for third-party loans plaintiff incurred during the marriage, unanimously reversed, on the law, without costs, and those awards vacated. Appeal from order, same court and Justice, entered on or about October 13, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The promissory notes, which provided that defendant would repay funds to plaintiff, were not enforceable in this proceeding because they were not acknowledged in accordance with Domestic Relations Law § 236(B)(3) (see Matisoff v Dobi, 90 NY2d 127, 132 [1997]; Popowich v Korman, 73 AD3d 515, 517 [1st Dept 2010]). Plaintiff could not properly have been awarded the sums of those promissory notes or the third-party loans based on those sums having caused defendant's separate property business to appreciate in value because Supreme Court determined that plaintiff failed to establish a baseline value for the business, and thus, she could not sustain any claim to appreciation in the value of the business (see Domestic Relations Law §§ 236[B][1][d][3], [B][5][c]; Johnson v Chapin, 12 NY3d 461, 466 [2009]). Plaintiff did not otherwise demonstrate that she was entitled to any credit for the third-party loans incurred and fully paid during the marriage (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421-422 [2009]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023