J.S. v R.A.M. (2024 NY Slip Op 51778(U))

[*1]

J.S. v R.A.M.

2024 NY Slip Op 51778(U)

Decided on December 17, 2024

Supreme Court, New York County

Chesler, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2024
Supreme Court, New York County

J.S., Plaintiff,

against
R.A.M., Defendant.

Index No. 365296/2024

Counsel for Plaintiff:
Jewell Law, PLLC
260 Madison Avenue, Floor 17
New York, NY 10016
By: Robert Kenneth Jewell, Esq.
Counsel for Defendant: 
Pryor Cashman LLP
7 Times Square
New York, NY 10036
By: Ronnie M. Schindel, Esq. & Mark S. Randall, Esq. 

Ariel D. Chesler, J.

BACKGROUND
Plaintiff commenced this plenary action and moved by order to show cause for [*2]declaratory judgment contending that the parties modified their separation agreement's maintenance provision based on a purported oral agreement which is buttressed with a text message. (Pl. Aff. ¶¶ 36-46 [NYSCEF Doc. No. 3]). The Wife denies the oral modification happened, although she does admit there was a conversation about the issue and offers a flurry of legal arguments to the contrary but in sum, she argues that the modification is not legally enforceable. (Def. aff. ¶ 15 [NYSCEF Doc. No. 26] Def. affm. ¶¶ 3-5 [NYSCEF Doc. No. 27]). Further, the parties' agreement prohibits oral modifications and does not require insistence upon strict performance. (Def. Ex. A art XIX [NYSCEF Doc. No. 28]).
Plaintiff argues that despite this, the doctrines of part performance and equitable estoppel obviate the lack of compliance with the agreement's bar on oral modification. (Pl. affm. ¶12 [NYSCEF Doc. No. 5]). He bases these arguments on a text message sent from Defendant to Plaintiff which states, "[Plaintiff], you will be receiving a letter from my attorney to acknowledge the change in our agreement. My turn to pay . . . " and Defendant's acceptance of the reduced maintenance payments for months before the text and after the alleged oral modification. (Def Ex. G [NYSCEF Doc. No. 34]; Pl. aff. ¶¶41, 44 [NYSCEF Doc. No. 3]; Pl. affm. ¶¶ 18-22 [NYSCEF Doc. No. 4]). Defendant argues that this conduct is both irrelevant under controlling law and nonetheless insufficient to support Plaintiff's part performance and equitable estoppel claims.
Additionally, Defendant cross-moved for, inter alia, enforcement of the separation agreement without Plaintiff's alleged modification and for an award of counsel fees based upon the parties' separation agreement's default provision. (Def. Cross-Motion [NYSCEF Doc. No. 25]; Def. affm. ¶46 [NYSCEF Doc. No. 27]).

 DISCUSSION
I. The Alleged Oral Modification is Unenforceable
The issue the Court must confront in this matrimonial contract case is whether the Domestic Relations Law adopts the Statute of Frauds exceptions of part performance and equitable estoppel, which provide for the enforceability of oral modifications notwithstanding contractual provisions barring same. The Court of Appeals has provided a direct answer to this question,
Domestic Relations Law § 236 (B), however, does not incorporate the safeguards of the Statute of Frauds. Rather, it prescribes its own, more onerous requirements for a nuptial agreement to be enforceable in a matrimonial action. In particularby contrast to the Statute of FraudsDomestic Relations Law § 236 (B) (3) mandates that the agreement be acknowledged. (Matisoff v Dobi, 90 NY2d 127, 134 [1997]).
There is no exception to the DRL § 236(B)(3) requirements.[FN1]
(Galetta v Galetta, 21 NY3d 186, [*3]191 [2013]["We observed that 
the statute recognizes no exception to the requirement that a nuptial agreement be executed in the same manner as a recorded deed and 'that the requisite formality explicitly specified in Domestic Relations Law § 236 (B) (3) is essential'"][internal emphasis supplied] citing, Matisoff, supra at 132]; Sim Chor Chin-Cheung v Cheung, 212 AD3d 772, 773 [2d Dept 2023]["The defendant's contentions that the letter of intent, although unacknowledged, should be enforced based on theories such as promissory estoppel, ratification, or unjust enrichment are unavailing."] citing, Matisoff supra at 134). There is no question that the text message and oral modification are not "executed in the same manner as a recorded deed" as required by the Statute. (See DRL § 236[B][3]; Real Property Law § 291). While a strict rule, this Court is bound by the Court of Appeals unequivocal holdings on this issue.
Indeed, outside of statute, the modification fails to comply with the requirements of the separation agreement itself as it bars oral modification. (See Meinwald v Meinwald, 56 AD2d 565, 565 [1st Dept 1977]; Keck v Keck, 282 AD2d 436, 437 [2d Dept 2001] ["The separation agreement provided that it could be modified only 'by an agreement in writing, identifying each particular provision . . . modified and duly subscribed and acknowledged by both parties with the same formality as this Agreement.' The alleged modification did not comply with the requirements of the separation agreement and, therefore, was not enforceable."]).
Accordingly, as the modification was not written or acknowledged it does not pass the "onerous" requirements of section 236 or the separation agreement itself, Plaintiff's application is without merit and is therefore DENIED in its entirety and the oral modification is DECLARED unenforceable.
II. Plaintiff Must Remedy His Maintenance Underpayments
Plaintiff admits that he has only been paying $1,000.00 in maintenance since "February 1, 2024." (Pl. aff. ¶¶40-41 [NYSCEF Doc. No. 3]). The current operative maintenance provision requires Plaintiff to pay $2,750.00 per month to Defendant. (Def. Ex. C [NYSCEF Doc. No. 3]; Pl. aff. ¶ 32 [NYSCEF Doc. No. 3]). Thus, Defendant has been underpaying maintenance by $1,750.00 each month since February 2024. This decision was rendered in December of 2024, meaning underpayment has occurred for eleven (11) months, resulting in a total underpayment of $19,250.00. Accordingly, Defendant's requests for enforcement of the separation agreement and directing Plaintiff to pay the accrued arrearage are GRANTED.
Defendant requests these arrears be awarded in the form of a money judgment with interest under DRL § 244. (Def. affm ¶¶ 41-45 [NYSCEF Doc. No. 27]). Section 244 requires the entry of a money judgment with interest if the Court finds, "the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order." (DRL § 244). Here, that standard is met by the Plaintiff's conduct as he effectuated this modification through self-help  not the requisite legal formalities, as the parties had done when they previously modified the separation agreement. Moreover, he was fully on notice that his continued default was inconsistent with the parties' separation agreement, as displayed by the letters he received from Defendant's counsel. The Court is thus compelled by statute to grant the entry of a money judgment with statutory interest. (Wolfson v Public Adm'r, 282 AD2d 743, 743 [2d Dept 2001]["Under Domestic Relations Law § 244, the court did not have the discretion to deny the defendant's application for leave to enter a money judgment for arrears under [*4]the divorce judgment since she established that the arrears were due and unpaid."]). Accordingly, Defendant is awarded a money judgment against Plaintiff in the amount of $19,250.00 in maintenance arrears which will accrue interest at a rate of 9% per annum. (CPLR § 5004; see V.K. v I.S., 2023 NY Slip Op 50607[U], at *12 [Sup Ct, Kings County, Thomas, J.]). The interest shall be calculated from "hall be computed from the date on which the payment was due," to wit, February 1, 2024. (DRL § 244; Rivers v Rivers, 35 AD3d 426, 428-429 [2d Dept 2006]).
III. Defendant is Entitled to Counsel Fees
The separation agreement provides that a party is entitled to counsel fees if the other party is in default of a provision of the agreement, fails to cure same within fifteen (15) days of "written notice by first class mail specifying such default," and succeeds in a suit for enforcement. (Def. Ex. A art XVII § 1 [NYSCEF Doc. No. 28]). Here, Defendant did so with her June 27, 2024, letter and by succeeding in this suit for enforcement. (Def. Ex. F [NYSCEF Doc. No. 33]). As Defendant strictly complied with the default provision, the Court is bound to award these fees. (See Szekely v Szekely, 73 AD3d 1158, 1159 [2d Dept 2010]["Contrary to the determination of the Supreme Court, the defendant is entitled to be reimbursed for 'necessary and reasonable' attorney's fees in connection with this proceeding pursuant to the default provision in the parties' settlement agreements."]; see also, Roth v Roth, 116 AD3d 833, 834 [2d Dept 2014]). Moreover, even if there were no contract, under these circumstances, this Court would find it appropriate for Defendant to be awarded counsel fees under statute. (See DRL § 238).
Defendant presents a retainer agreement evincing an initial retainer in the amount of $5,000.00 and billing statements that demonstrate she exhausted that retainer and incurred an additional $2,163.67 in legal fees at the time of her filing. This Court finds that these fees are reasonable given the skill of counsel (the level of research and thorough opposition offered by Defendant's counsel evinces this clearly) and the time expended. The Court awards, on an interim basis as described below, the sum of $7,163.67 in counsel fees to the Defendant.
DATE 12/17/2024
ARIEL D. CHESLER, J.S.C.

Footnotes

Footnote 1:Notwithstanding their inapplicability in light of Matisoff and Galetta, neither equitable estoppel nor part performance would prevail here as the reliance of Plaintiff was surely not reasonable based on the fact that he (by his own admission) acted contrary to his attorney's advice, and he received numerous letters from Defendant's counsel advising him of his failure to pay the appropriate maintenance. (Pl. aff, ¶¶ 40, 44[NYSCEF Doc. No. 3]; Def. Ex. E-F [NYSCEF Doc. Nos. 33-34]). Furthermore, finding part performance here based on the argument that Defendant was accepting the reduced payments is both inconsistent with controlling authority and illogical. The acceptance of a reduced maintenance payment by the payee does not unequivocally demonstrate conformity with the modification as the payee is usually not in an economic position to refuse the partial payment. Likewise, finding part performance here would vitiate the agreement's clause not requiring demands for strict compliance. (See Parker v Navarra, 102 AD3d 935, 936 [2d Dept 2013]["[T]he plaintiff's acceptance of the reduced maintenance payments was compatible with the agreement as written, which contained a clause providing that any waiver of strict enforcement of a provision of the agreement did not constitute a waiver of the party's right 'to strictly enforce the provision waived at a later time."]).