## HALLADAY v. GASS.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

DEED—GRANTEE—IDENTITY—QUESTION FOR JURY

Plaintiff, William "Halladay," to establish his title, read in evidence a certified copy of a deed conveying the premises in controversy to William "Halliday," duly acknowledged, and recorded in the proper county, and proved that he had possession of the deed for 23 years after it was recorded, but that it had been lost subsequently. *Held*, that the question whether he was the grantee named therein was for the jury.

Appeal from trial term, New York county.

Action by William Halladay against Frank Gass. From order granting a new trial, defendant appeals. Affirmed.

Argued before HATCH, RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Seward Baker, for appellant.
Roswell W. Keene, for respondent.

RUMSEY, J. The action was ejectment. Both parties claim title from one James Lent, who was conceded to be the owner of the prem-

ises on the 1st day of June, 1854. The plaintiff, to establish his title, read in evidence a certified copy of a deed made by James Lent and wife to William "Halliday," conveying the premises in question, duly acknowledged, and recorded on the 8th day of May, 1855, in the office of the clerk of the county of Westchester, where the premises are situated. He also proved that that deed was in his possession down to 1878, but that it had been lost subsequently. The certified copy of the duly-recorded deed was evidence of its contents with like effect as the original conveyance. Code Civ. Proc. § 935. The fact that the deed was recorded was presumptive evidence, at least, that it had been delivered to the grantee named therein. Doorley v. O'Gorman, 6 App. Div. 591, 39 N. Y. Supp. 768. The fact that the plaintiff had the deed in his possession was evidence not only that it had been delivered to him, but that he was the grantee named in it, the name being substantially the same, although not spelled correctly. Strough v. Wilder, 119 N. Y. 530, 23 N. E. 1057, 7 L. R. A. 555; Deposit Co. v. Huntington, 89 Hun, 465, 35 N. Y. Supp. 390. When the plaintiff rested his case, there was clearly sufficient evidence to entitle him to recover unless his title had been disproved, but no evidence was given on the part of the defendant. A witness was sworn for him, but apparently his testimony was given de bene esse, and it was not considered upon the trial. But, if it had been considered, it still left a question for the jury, which should have been submitted to them, and in any case, therefore, it was error to order a verdict, and the learned trial justice was correct in ordering a new trial, and the order must be affirmed, with costs of the action. All concur.