### GROSS et al. v. ROWLEY.

(Supreme Court, Appellate Division, Second Department. December 15, 1911.)

1. ACKNOWLEDGMENT (§ 6*)—REQUISITES.

     A material provision of the statute expressly required to be stated in an acknowledgment to a deed cannot be wholly disregarded, and a deed thus acknowledged lawfully admitted to record.

     [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 46–57; · Dec. Dig. § 6.*]

2. EVIDENCE (§ 336*)—DEFECTIVE ACKNOWLEDGMENT OF DEEDS—EFFECT.

     The recording of a deed not entitled to be recorded because improperly acknowledged is not evidence of the due execution thereof.

     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1279–1282; Dec. Dig. § 336.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ACKNOWLEDGMENT (§ 6*)—DEEDS—ADMISSIBILITY.
   A deed improperly acknowledged is not admissible in evidence without
   further proof of the signature of the parties thereto.
   [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 46–57;
   Dec. Dig. § 6.*]

4. ACKNOWLEDGMENT (§ 36*)—DEEDS—REQUISITES.
   Under Real Property Law (Laws 1896, c. 547) §§ 241, 252, 255, author-
   izing the recording of deeds properly acknowledged, and providing that
   an acknowledgment must not be taken unless the officer knows that the
   person making the deed is the person described in and who executed it,
   and that the certificate must state all the matters required to be known,
   a notary's certificate of acknowledgment to a deed, "Before me person-
   ally appeared [names of grantors] to me known and known by me to be
   the parties executing the foregoing instrument, and acknowledged said
   instrument by them executed to be their free act and deed," is insuffi-
   cient for failing to certify that the notary knew that the parties appear-
   ing before him were the parties who were described in the deed as the
   parties thereto.
   [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 188–
   190; Dec. Dig. § 36.*]

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-
trict.

Action by Fred L. Gross and another, copartners, against Leonard
Rowley. From a judgment of the Municipal Court for plaintiffs,
defendant appeals. Affirmed.

See, also, 142 App. Div. 942, 127 N. Y. Supp. 1146.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

Lynn C. Norris, for appellant.
Frederick A. Keck, for respondents.

BURR, J. In February, 1911, plaintiffs entered into an agreement
with defendant to loan to him the sum of $3,000 to be secured by a
mortgage on real property on Decatur street, in the borough of
Brooklyn, of which he claimed to be the owner. For their services in
negotiating the loan and examining the title they were to receive
$100. After such examination, they refused to carry out the agree-
ment, asserting that defendant's title to the premises was defective.
Thereafter this action was brought to recover the sum which defend-
ant had agreed to pay, and from a judgment in plaintiffs' favor this
appeal is taken.

In April, 1903, Norman B. Randall, Francena Randall, and Thur-
ber L. Randall were the owners of record of the property referred to.
Upon the trial defendant produced a paper purporting to be a deed
from them. The certificate of acknowledgment indorsed thereon was
in the following form:

"State of Rhode Island, County of Providence.
"In Providence on the sixteenth day of April A. D., 1903, before me per-
sonally appeared Norman B. Randall, Francena Randall, and Thurber L.
Randall to me known and known by me to be the parties executing the fore-
going instrument, and acknowledged said instrument by them executed to be
their free act and deed.              Henry F. Thompson, Notary Public."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiffs contend that this acknowledgment is not sufficient to entitle this deed to be recorded. If that contention is well founded, this judgment must be affirmed.

[1] A material provision of the statute expressly required to be stated in a certificate of acknowledgment cannot be wholly disregarded, and a deed thus acknowledged lawfully admitted to record. Irving v. Campbell, 121 N. Y. 354, 24 N. E. 821, 8 L. R. A. 620.

[2] The fact that this instrument was recorded is of no avail if it was not entitled to be recorded. Record under such circumstances is not evidence of the due execution thereof. Bradley v. Walker, 138 N. Y. 291, 33 N. E. 1079.

[3] The fact that the original deed was produced by defendant does not relieve the situation, for, if improperly acknowledged, it could not be read in evidence without further proof of the signature of the parties thereto. Bradley v. Walker, supra. Such proof was not furnished.

[4] The real property law in force when this deed purports to have been executed provided that:

"A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated." Gen. Laws, c. 46 (Laws 1896, c. 547, § 241).

After designating those officers who should be authorized to take the acknowledgment or proof of a conveyance of real property within this state, in other states of the United States, or in foreign countries, the statute then prescribed as a requisite to the exercise of such authority by the officers named that:

"An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument." Id. § 252

The statute also provided that:

"An officer taking the acknowledgment or proof of a conveyance must indorse thereupon or attach thereto, a certificate, signed by himself, stating all the matters required to be done, known or proved on the taking of such acknowledgment or proof." Id. § 255.

The first thing to be done is the acknowledgment of the instrument "by the person executing the same." This acknowledgment, however, must be "in the manner required by the statute." The thing to be known is the identity of the person making the acknowledgment with the person described in the instrument and the person who executed the same. This knowledge must be possessed by the official. The final act is the including in a certificate a statement of the things done and the knowledge possessed. This certificate must embrace both acts and knowledge. This act is the act of the official. Unless, therefore, it follows that a person who asserts before the acknowledging officer that he has executed an instrument then present is necessarily the same person who has been described in it as a party thereto; this certificate of acknowledgment is defective. The

statement of the proposition, as it seems to us, furnishes the answer. Even though there may be identity of name between the individual described and the individual who acknowledged that he executed, it does not follow that there is identity of person. In our large cities particularly there are many persons who bear not only the same surname, but the same Christian name. Realizing this, the whole trend of recent legislation has been in the direction of more complete identification of the persons described in a deed. The form suggested in the present real property law provides that the residence of both grantor and grantee shall be inserted therein. Consol. Laws, c. 50; Laws 1909, c. 52, § 257. At the present time, before a deed may be recorded, not only the residence of the purchaser, but if in a city of over 500,000 inhabitants, the street number of such residence shall be stated therein, and such residence and street number recorded with the conveyance. Real Property Law, supra, as amended Laws 1910, c. 227, § 333. Appellant contends that the parties described in this deed as the grantors therein are Norman B. Randall and others; that they are therein described as the parties of the first part; that the attestation clause reads, "In witness whereof, the parties of the first part have hereunto set their hands and seals," etc. Hence he argues that the parties of the first part are necessarily both the parties described in and who executed, and as the notary certifies that he knew the parties who appeared before him to be the parties who executed, as things which are equal to the same thing are equal to each other, this is equivalent to a statement by him that he knew them both as the parties described in and the parties who executed the deed. The reasoning is fallacious. The deed may assert that the parties are the same. There is no evidence that the notary knew this assertion to be correct, and he has not certified to that fact. The statute calls for his knowledge on the subject, included in such certificate, and not an assertion of the parties contained in the deed itself. In Paolillo v. Faber, 56 App. Div. 241, 67 N. Y. Supp. 638, this court in the First Department condemned a certificate of acknowledgment as fatally defective where the recital was "before me came Joseph A. Thompson, to me personally known," etc. The name of the grantor in the deed was the same as that of the person who made the acknowledgment. If such similarity of name may be deemed sufficient, then this certificate would be a compliance with the statute. In Freedman v. Oppenheim, 80 App. Div. 487, 81 N. Y. Supp. 110, this court in this department condemned a certificate where the recital was "personally appeared before me the within named James Monroe Cruser, to me known and acknowledged the above letter of attorney to be his act and deed." The "within named" might be equivalent to the "person described in." But, if in that case it was not sufficient to certify that the person described in was the person who appeared and made the acknowledgment, without certifying also that he was the person who executed the instrument, the converse must be true. It is not sufficient to certify that the person who appeared and made the acknowledgment was the person executing, without also certifying that he was the person described in said instrument. See, also,

Bradley v. Walker, supra; Fryer v. Rockefeller, 63 N. Y. 268; Carolan v. Yoran, 104 App. Div. 488, 93 N. Y. Supp. 935, affirmed 186 N. Y. 575, 79 N. E. 1102.

The judgment appealed from must be affirmed, with costs.

JENKS, P. J., and THOMAS and WOODWARD, JJ., concur. CARR, J., not voting.