THE PEOPLE OF THE STATE OF NEW YORK ex rel. OAKLAWN
   CORPORATION, Appellant, *v.* JAMES A. DONEGAN, Register
   of the County of New York, Respondent.

First Department, November 8, 1918.

**Real property — right of grantee to have deed recorded — necessity
for due acknowledgment by all grantors.**

Under section 291 of the Real Property Law a grantee under a deed  executed
   by four parties but duly acknowledged by only three of them, the third,
   who acknowledged the instrument before a notary in another State
   having failed to procure a certificate of authentication, is not entitled
   to have said deed recorded.

APPEAL by the relator, Oaklawn Corporation, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York

on the 2d day of August, 1918, denying its motion for a peremptory writ of mandamus.

*Harold Swain,* for the appellant.

*Terence Farley* of counsel [*Walter B. Caughlan* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

LAUGHLIN, J.:

The relator presented to the respondent a deed to itself of real property in the county of New York, executed by four persons as parties of the first part with the required revenue stamps affixed and canceled, and demanded that he record it. The deed granted and released the premises together with the appurtenances, and all the estate and rights of the parties of the first part in and to the premises to the grantee, its successors and assigns, to have and to hold forever, subject to mortgages of record, but contained no covenant of warranty. It was duly acknowledged and certified to entitle it to be recorded as to the first three parties of the first part, but concededly was not as to the fourth, in that it purported to have been acknowledged before a notary public in Berkshire county, Mass., and contained no certificate of authentication executed by the county clerk of that county with respect to the authority of the notary. On that ground the register refused to record it, and this proceeding was instituted to require him to record it.

The learned counsel for relator concedes that the instrument cannot be recorded as a deed of the grantor whose acknowledgment was not properly authenticated, but he now contends that the grantee is entitled to have it recorded as a deed of the other three grantors. It does not appear that the grantee made that claim to the register, but as we view the case that is immaterial. The theory of the grantee's contention is that although the deed of the grantors is joint in form, still it is in effect a several grant, and that even as to the fourth grantor it is a good conveyance as between the parties, and as to all, excepting purchasers without the notice that would be given by the Recording Act if the acknowledgment had been duly authenticated. On the last point reliance is placed on the

decisions made in *Wood* v. *Chapin* (13 N. Y. 509); *Fryer* v. *Rockefeller* (63 id. 268) and *Strough* v. *Wilder* (119 id. 530). The sole point now presented for decision is, however, whether the grantee is entitled to have the deed recorded, and we are not concerned with the effect of the instrument as between the parties thereto.   If the register be required to record it he must necessarily record it in full, including the defectively authenticated acknowledgment.   (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], §§ 291, 315, 316, 318.   See, also, Laws of 1889, chap. 349, §§ 11, 13.)   It is contemplated that when such a deed is recorded, the record may be used as evidence with the same effect as the original (Code Civ. Proc. § 935), and that such record will become presumptive evidence of its delivery.   (*Halladay* v. *Gass*, 51 App. Div. 539.)   It is quite clear that it is not the province of the register to record the part of such an instrument which he deems to have been properly executed and authenticated, omitting the part relating to a party as to whom the execution is not properly certified: nor is it his province to record it as a whole with notations as to his opinion concerning the validity of the acknowledgments.   His duty is to record it as presented if properly acknowledged and certified to entitle it to be recorded, and if not to decline to record it.   The learned counsel for the relator makes an ingenious argument based on the phraseology of section 291 of the Real Property Law, which is the statute defining the conveyances that may be recorded.   That section, so far as here material, provides as follows: " A conveyance of real property, within the State, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office."

The phraseology of the corresponding provisions of the former statute (R. S. pt. 2, chap. 3, § 4; 1 R. S. 756, § 4) was as follows: " To entitle any conveyance hereafter made, to be recorded by any county clerk, it shall be acknowledged by the party or parties executing the same."

766    People ex rel. Oaklawn Corporation *v.* Donegan.

First Department, November, 1918.        [Vol. 184.

Section 34 of said chapter of the Revised Statutes (1 R. S. 762) forbade the recording of such a conveyance unless duly acknowledged or proved, and certified as required by law, and declared that any official violating the provisions thereof should be guilty of a misdemeanor. Those provisions have been substantially re-enacted in section 1862 of the Penal Law with the qualification that the act of the official must be knowingly committed to constitute the crime. It seems quite clear that the provisions of the Revised Statutes herein quoted, defining the conveyances entitled to be recorded, required that the instrument should be duly acknowledged and certified with respect to *all* of the grantors. The change in phraseology from the Revised Statutes was made by the commissioners authorized to revise the statutes in presenting the Real Property Law, which was enacted by chapter 547 of the Laws of 1896 as chapter 46 of the General Laws (§ 241), in accordance with the plan outlined by them in their report to the Legislature for the year 1891, at which time they reported, as chapter 1 of the General Laws, the Statutory Construction Law, section 8 of which (now, in part, section 35 of the General Construction Law*) prescribed, among other things, that the singular number when employed in a statute includes the plural and *vice versa.* Their recommendation in that regard was adopted by the enactment of chapter 677 of the Laws of 1892. No significance is, therefore, to be attached to this change in phraseology, and applying the Statutory Construction Law, which was part of the scheme of the revisioners who prepared both laws, the word " person " as used in the revised statute enacted in 1896, must be deemed to have meant " persons " when there was more than one grantor, and to require due acknowledgment and certification as to all. These provisions of the statute of 1896 were re-enacted without change on the report of the Board of Statutory Consolidation as shown by their note to section 291 of the Real Property Law in volume 4, page 4852, of their report, made in 1907. Any other construction would result in incumbering the records with recitals as to conveyances by persons whose acknowledgments have not been so authenticated as

---

* Consol. Laws, chap. 22 (Laws of 1909, chap. 27), § 35.— [Rep.

to give the notice to subsequent purchasers, which the statute was designed to give, and would be most misleading and would not furnish the proof of the due execution of the conveyances which was one of the purposes of the Recording Act. (*Gross* v. *Rowley*, 147 App. Div. 529; *Freedman* v. *Oppenheim*, 80 id. 487.) It is quite clear that a grantee is not entitled to have a deed recorded unless its execution has been duly acknowledged and certified as required by law. (*Irving* v. *Campbell*, 121 N. Y. 354; *Bradley* v. *Walker*, 138 id. 291; *Paolillo* v. *Faber*, 56 App. Div. 241.)

It follows, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.