■ JEFFREY L. KOONS, Appellant-Respondent, v ILONA S. KOONS, Respondent-Appellant. [622 NYS2d 242] —Order, Supreme Court, New York County (David Saxe, J.), entered June 15, 1994, which, as limited by plaintiff's notice of appeal, awarded defendant interim attorneys' and experts' fees, and orders, same court and Justice, entered June 16 and June 17,

1994, which, insofar as appealed from, denied plaintiff's request to stay or vacate such interim award, unanimously affirmed, with one bill of costs and disbursements payable to defendant-respondent-appellant.

The award of $100,000 attorneys' fees and $10,000 experts' fees is amply justified by the financial circumstances of the parties and the volume and complexity of the issues raised in this matrimonial action, for which defendant's attorneys had already earned fees of almost $200,000 three months before the award was made (see, Tregallas v Tregallas, 169 AD2d 553, citing DeCabrera v Cabrera-Rosete, 70 NY2d 879), and is not barred by the parties' prenuptial agreement containing mutual waivers of attorneys' fees "[i]n the event the impending marriage between the parties is terminated by divorce" (see, supra). Nor was it an improper exercise of discretion to refuse to vacate or stay such award when defendant was found in contempt for having removed the parties' child from the jurisdiction in violation of court order. Counsel was not responsible for their client's contempt, and their fees and those of the experts, which were ordered payable directly to counsel, had been earned prior to the contempt. An application for attorneys' fees may be prosecuted by the attorney in his or her own name, as defendant's attorneys are doing here (Domestic Relations Law § 237 [a]; see, Sadofsky v Sadofsky, 78 AD2d 520). Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.