OPINION OF THE COURT
Joan B. Lobis, J.
The Court of Appeals recently held that a nuptial agreement which had been signed but not acknowledged was not enforce *454 able in a matrimonial action. (See, Matisoff v Dobi, 90 NY2d 127 [1997].) It left open, however, the issue of whether an unacknowledged agreement would be enforceable if the requisite acknowledgment which complied with the statutory requirements was supplied at a later date. That is the issue now before this court. For the reasons stated below, this court finds that an unacknowledged prenuptial agreement is enforceable if the parties later acknowledged the agreement in compliance with all statutory requirements.
Plaintiff husband has brought the present motion, inter alia, for pendente lite maintenance, insurance coverage, counsel fees and accounting and appraisal fees. He also asks that this court discontinue various orders of the Family Court regarding visitation and child support and issue orders contrary to that of the Family Court orders. Defendant wife has brought a cross motion for partial summary judgment on the ground that there exists a valid prenuptial agreement which precludes much of the relief requested by plaintiff. She argues that the prenuptial agreement prevents the husband from obtaining temporary or permanent maintenance, equitable distribution, counsel fees and expert fees and child support in the event plaintiff has custody. She also requests the entry of a judgment for $25,000 in favor of defendant and against plaintiff.
Plaintiff and defendant were married in August of 1990. They have two children, a son Maxwell born in March of 1992 and a daughter Isabella born in February of 1995. In May of 1997, the plaintiff moved out of the marital residence into a two-bedroom rental apartment in Stuyvestant Town. Plaintiff commenced this action for divorce in July of 1997.
The parties’ tax returns show that the defendant wife earned $752,000 in 1996 and earned $602,000 in 1995. The husband earned under $10,000 each of these two years. He stated that his gross income for 1997 will be between $25,000 and $30,000. The husband claims that the reason he earned so little money was that he was the primary caretaker of the children at the expense of his career. The wife vigorously disagrees with this statement and claims that she spent substantial time at home with her children despite her highly successful career as a real estate broker.
Before the parties were married, they signed a prenuptial agreement in front of two witnesses dated August 1, 1990. It is undisputed that this prenuptial agreement was not acknowledged. Defendant claims that the parties reaffirmed the prenuptial agreement on March 9, 1992 and executed the reaf *455 firmation of the agreement in the presence of a notary public who verified the identity of each party to the agreement. She has attached to her papers a copy of the reaffirmation which appears to be witnessed and acknowledged in conformity with the requirements of Domestic Relations Law § 236 (B) (3). In his reply papers, plaintiff states that the signature on the 1992 reaffirmation appears to be his signature but he did not sign the document in front of a notary public. He claims that he signed the document in the elevator of his apartment building in front of the elevator man and that the defendant then told him that she would have the document notarized on Monday when she went back to her office.
The reaffirmation states that the parties signed and witnessed the agreement made on August 1, 1990; that they neglected to have such agreement acknowledged; that they have subsequently married; and that they agree that they ratify and reaffirm each and every portion of the August 1, 1990 agreement. Attached to the reaffirmation is an acknowledgment by a notary public named Carol Hanratty.
The prenuptial agreement provides in article III, § 2 as follows: “Each of the parties waives, releases, relinquishes, and forever renounces any and all right to maintenance from the other to the fullest extent permitted by law including, but not limited to, any right to maintenance under Section 236.6, Part B, of the Domestic Relations Law.” Article III, § 3 of the prenuptial agreement further provides: “In the event that the parties should become involved in an action or other proceeding for spousal support or for divorce, separation and/or annulment, then each of Ms. Covello and Mr. Arizin agrees not to seek or request or to accept permanent or temporary or interim maintenance, support or alimony or to seek or accept counsel fees from the other in, or in connection with, that action or proceeding.” The prenuptial agreement further provides in article III, § 4:
“Notwithstanding the foregoing provisions of this Article IV, in the event the parties have children, and any such children are alive and are either under 21 years of old or attending (full-time) undergraduate college (but in no event beyond the child’s 23rd birthday) then either party shall be * * *
“(b) entitled to seek spousal maintenance from the other in an amount which would be appropriate in light of the children’s best interests, provided, however, that in any such determination the Court is advised of the existence of this Agreement, including the otherwise general waiver of spousal support and *456 is requested to take into account, in determining spousal maintenance, only the impact that the quantum of such spousal maintenance (or absence thereof) would have on the children’s best interests.”
The prenuptial agreement also provides that the husband is indebted to the wife in the principal sum of $25,000 and that he will pay that amount to the wife in the amount of $600 per month payable on the 15th day of each and every month from the date of this agreement through and including the month of May of 1995.
Before this matrimonial action was commenced, defendant initiated proceedings in Family Court in May of 1997. She obtained a protective order from the Family Court denying the husband access to the children. That order was subsequently modified to provide that the father was to have unsupervised visits with the children every Wednesday for dinner from 5:00 p.m. to 7:00 p.m. and on every Saturday from 10:00 a.m. to 2:00 p.m. The Family Court has appointed a forensic psychiatrist and a Law Guardian. The issues of visitation and custody are currently set for trial in the New York County Family Court on February 3, 4 and 5, 1998.
Plaintiffs request that this court discontinue the orders of Family Court with respect to the issues of custody and visitation and issue contrary orders is denied. This court will not overrule any existing orders of the Family Court. At the present time, the orders of the Family Court are fully binding and enforceable. If the Family Court Judge feels it is appropriate to transfer the issues of custody and visitation to this court to be resolved in conjunction with the matrimonial action, she is free to do so.
The next issue which must be resolved is the validity of the prenuptial agreement which was entered into between the parties as a resolution of this issue will impact both the plaintiffs request for pendente lite relief and the defendant’s request for partial summary judgment. Plaintiff argues that the prenuptial agreement is void on its face because it was not acknowledged at the time it was entered into. Defendant argues that the prenuptial agreement is valid based on the subsequent reaffirmation by the parties which the defendant claims was properly acknowledged.
Domestic Relations Law § 236 (B) (3) provides that an “agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged *457 or proven in the manner required to entitle a deed to be recorded.” The Court of Appeals has recently held that a nuptial agreement must be acknowledged to be enforceable in a matrimonial action. (See, Matisoff v Dobi, 90 NY2d 127 [1997], supra.) The Court ruled that the parties could not cure the lack of formal acknowledgment by their sworn admissions at trial that the parties signed the agreement. According to the Court, the admission by the parties in open court that the signatures were authentic does not by itself constitute proper acknowledgment pursuant to Domestic Relations Law § 236 (B) (3). That statute requires both that an oral acknowledgment be made before an authorized officer and that a written certificate of acknowledgment be attached to the agreement. Therefore, an instrument is not duly acknowledged unless there is a written certificate as well as an oral acknowledgment. The Court specifically declined, however, to resolve the issue of whether the acknowledgment must be contemporaneous with the signing of the agreement or could be supplied at a later date. The Court noted that while it had “affirmed determinations allowing parties to provide the requisite acknowledgment under similar statutory requirements at a later date, we have never directly addressed the question whether and under what circumstances the absence of acknowledgment can be cured.” (Supra, at 137.)
This court holds that an unacknowledged nuptial agreement which is acknowledged on a subsequent date is enforceable in a matrimonial action as long as the subsequent acknowledgment complies with the statutory requirements of Domestic Relations Law § 236 (B) (3). Pursuant to Domestic Relations Law § 236 (B) (3), the parties can enter into a nuptial agreement either before or during the marriage as long as it is properly acknowledged. There is absolutely no distinction in the statute as to how agreements entered into either before or during the marriage should be treated. Since there is nothing in the statute which would prevent these parties from subsequently entering into another agreement altogether, there is no reason why they should be barred from reaffirming their prior unacknowledged agreement.
The decision relied on by the plaintiff to support his position that an unacknowledged agreement cannot be subsequently acknowledged is inapposite. (See, Rose v Rose, 167 Misc 2d 562 [Sup Ct, NY County 1995].) The issue in that case was whether a shareholder’s agreement entered into by the parties could be treated as a separation agreement sufficient to support a *458 conversion divorce. The court there held that a shareholder’s agreement entered into between the parties could not be used as a basis for a conversion divorce because it was not properly acknowledged in the form required to entitle a deed to be recorded. According to the court, the agreement could not be subsequently acknowledged by affidavit. In Rose, unlike the present case, there was never any subsequent acknowledgment which complied with statutory formalities.
Plaintiff argues that even if there was a valid prenuptial agreement, it would not constitute a bar to his request for temporary maintenance. In support of this argument, he cites to cases which hold that a prenuptial agreement waiving maintenance is not a bar to an award of maintenance pendente lite. (See, Solomon v Solomon, 224 AD2d 331 [1st Dept 1996]; Tregellas v Tregellas, 169 AD2d 553 [1st Dept 1991].) In both of these cases, the prenuptial agreement was silent as to the issue of whether maintenance could be awarded pendente lite. In this case, the agreement specifically provides that no maintenance will be awarded pendente lite. In a situation such as this, where the agreement specifically provides that there will not be an award of temporary maintenance, the courts have held that no temporary maintenance should be awarded. (See, Lobatto v Lobatto, 186 AD2d 39 [1st Dept 1992].)
Plaintiff also argues that he would be entitled to temporary maintenance even if the prenuptial agreement is enforceable based on the best interests of the children. The prenuptial agreement provides that in the event the parties have children, either party is entitled to seek spousal maintenance from the other in an amount which would be appropriate in light of the children’s best interests. There is no basis for awarding plaintiff temporary maintenance based on this provision. The Family Court order, which is fully enforceable at this time, only provides for limited visitation at this point and no overnight visitation. Based on this limited visitation and the language in the prenuptial agreement regarding an award of maintenance, plaintiff is not entitled to spousal pendente lite based on the best interests of the children.
Plaintiff argues that he is entitled to counsel fees even if the prenuptial agreement is valid and enforceable. The prenuptial agreement specifically provides that both parties agree not to seek or accept counsel fees from the other “in, or in connection with, that action or proceeding.” Pursuant to the unambiguous terms of the prenuptial agreement neither side would be entitled to collect attorney’s fees from the other.
*459 The decisions cited by plaintiff are inapposite. In Solomon v Solomon (224 AD2d 331 [1st Dept 1996], supra), there was no prenuptial agreement which prohibited an award of counsel fees. In Koons v Koons (212 AD2d 370, 371 [1st Dept 1995]), the Court held that a counsel fees award was not barred by a prenuptial agreement containing a mutual waiver of attorney’s fees “ ‘[i]n the event the impending marriage between the parties is terminated by divorce’ ”. That language is very different than the language in the present agreement in which each party agreed to waive attorney’s fees in or in connection with the divorce proceeding.
The plaintiff also argues in his reply papers that even if an unacknowledged agreement can be subsequently acknowledged, his acknowledgment of the reaffirmation was not proper as he signed the document in the elevator and the agreement was later notarized without him being present. Defendant denies these allegations. An immediate hearing is scheduled for January 23, 1998 at 11:00 a.m. at 60 Centre Street, room 345, solely to determine the factual issue of whether the reaffirmation was properly acknowledged. If this court finds at the hearing that the reaffirmation was properly acknowledged, then the prenuptial agreement would be valid and enforceable. Plaintiff would not be entitled to any award of temporary maintenance or counsel fees and defendant’s motion for partial summary judgment would be granted. On the other hand, if the court finds that the reaffirmation was not properly acknowledged, then the prenuptial agreement would not be valid. This court would then have to determine plaintiff’s request for temporary maintenance and counsel fees and deny defendant’s motion for partial summary judgment. Based on the foregoing, those portions of the motion and cross motion dealing with temporary maintenance, counsel fees and the partial summary judgment motion are held in abeyance pending the evidentiary hearing as to the validity of the acknowledgment. The other arguments advanced by plaintiff for the relief requested regarding the validity of the agreement have been considered and rejected as without merit.
Defendant’s request for a money judgment for $25,000 based on the terms of the prenuptial agreement is denied. There is no basis to award defendant any judgment as she has not brought any action on the loan or counterclaims in this action. Therefore, this issue would have to be resolved in connection with the equitable distribution of the marital assets.