*617 OPINION OF THE COURT
Leslie E. Stein, J.
The parties executed a separation agreement on August 28, 2002 and filed a copy of the agreement with the Rensselaer County Clerk’s Office on September 9, 2002. The separation agreement contained the following acknowledgment with respect to each party’s signature:
“STATE OF NEW YORK )
“ ) ss.:
“COUNTY OF ALBANY )
“On the 28th day of August in the year 2002, before me, the undersigned, a Notary Public in and for said State, personally appeared [Richard Hurley, Jr./ Dorothy Johnson], the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at [6J Mill Creek Apartments, East Greenbush, New York 12061/351 South Third Street, Northville, New York 12134]; that he knows [Richard Hurley, Jr./Dorothy Johnson] to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw [Richard Hurley, Jr./Dorothy Johnson] execute the same; and that said witness at the same time subscribed his name as a witness.”[1]
By notice of motion dated November 20, 2003, plaintiff moved this court for a judgment of divorce pursuant to Domestic Relations Law § 170 (6). The motion was denied, in part because the agreement was not acknowledged in a form entitling a deed to be recorded. Thereafter, acknowledgments, which were signed by a notary public, were added to the separation agreement, a copy of which was provided to the court for consideration in connection with plaintiffs reapplication for a divorce. The new acknowledgments read as follows:
“STATE OF NEW YORK )
“ ) ss.:
“COUNTY OF ALBANY )
*618 “On the 23rd day of January in the year 2004,[2] the undersigned, personally appeared [Richard Hurley, Jr./Dorothy Johnson], personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.”
Domestic Relations Law § 170 (6) provides, in relevant part, that “[a]n action for divorce may be maintained” if
“[t]he husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded, for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement. Such agreement shall be filed in the office of the clerk of the county wherein either party resides.”
The issue presently before the court is whether plaintiff has offered sufficient proof to show that the parties have complied with the requirements of Domestic Relations Law § 170 (6). The court notes in the first instance that Domestic Relations Law § 170 (6) contains, inter alia, the same three requirements as Domestic Relations Law § 236 (B) (3) for an agreement made during the marriage to be valid and enforceable in a matrimonial action. “First, the agreement must be in writing. Second, it must be subscribed by the parties and third, it must be ‘acknowledged or proven in the manner required to entitle a deed to be recorded’ ” (Matisoff v Dobi, 90 NY2d 127, 130 [1997]). In Matisoff, the Court discussed “the form required to entitle a deed to be recorded” (Domestic Relations Law § 170 [6]). In this regard, the Court noted that:
“proper acknowledgment or proof is an essential prerequisite to recording a deed in the office of the county clerk (see, Real Property Law § 291). Such acknowledgment or proof, moreover, must meet various specifications. The Real Property Law dictates *619 who may make an acknowledgment or proof (see, Real Property Law § 292); before whom such acknowledgment or proof may be made (see, Real Property Law §§ 298, 299); that an officer taking an acknowledgment must ‘know[ ] or [have] satisfactory evidence, that the person making it is the person described in and who executed such instrument’ (Real Property Law § 303; see also, Real Property Law § 304 [concerning proof by subscribing witness]); that the person taking the acknowledgment or proof must attach a certificate of acknowledgment (see, Real Property Law § 306); and the contents of that certificate (see, id.).” (Id. at 132-133.)
In the present matter, the original agreement contained an acknowledgment used to affirm the signature of an individual who acts as a witness to the signing of a document, rather than the signature of the person executing the document. Although the original acknowledgment was insufficient in that it failed to satisfy the requirements of Real Property Law § 303 “that an officer taking an acknowledgment must ‘know[ ] or [have] satisfactory evidence, that the person making it is the person described in and who executed such instrument’ ” (Matisoff at 132), the agreement was properly acknowledged thereafter.
In Matisoff v Dobi (90 NY2d at 137), the Court of Appeals briefly addressed the issue of subsequent acknowledgments when it stated that
“Domestic Relations Law § 236 (B) (3) and the Real Property Law do not specify when the requisite acknowledgment must be made. It is therefore unclear whether acknowledgment must be contemporaneous with the signing of the agreement.
“While this Court has affirmed determinations allowing parties to provide the requisite acknowledgment under similar statutory requirements at a later date, we have never directly addressed the question whether and under what circumstances the absence of acknowledgment can be cured (see, Matter of Maul, 176 Misc 170, affd 262 App Div 941, affd 287 NY 694 [description omitted]; Matter of Palmeri, 75 Misc 2d 639, affd 45 AD2d 726, affd 36 NY2d 895 [same]; see also, Matter of Stegman, 42 Misc 2d 273 [description omitted]).”
The circumstances before the Court in Matisoff (supra) are distinguishable from those presently before the court. In Mati *620 soff, the parties had not provided the court with any written acknowledgment of their postnuptial agreement. The Court rejected defendant’s argument that the parties’ admissions in open court as to the authenticity of their signatures should constitute proper acknowledgment, holding that “an unacknowledged agreement is invalid and unenforceable in a matrimonial action” (id. at 136). In the present matter, unlike Matisoff, the parties executed a written separation agreement with an acknowledgment which was technically improper and the agreement was subsequently amended to include an acknowledgment in proper form.
The circumstances presently before the court are akin to those found in Arizin v Covello (175 Misc 2d 453, 457 [1998]). In Arizin, the Supreme Court, New York County, held that “an unacknowledged nuptial agreement which is acknowledged on a subsequent date is enforceable in a matrimonial action as long as the subsequent acknowledgment complies with the statutory requirements of Domestic Relations Law § 236 (B) (3).” Like the court in Arizin (supra), this court also finds that the instant separation agreement is now clearly valid and enforceable since the subsequent acknowledgment complies with the statutory requirements of Domestic Relations Law § 236 (B) (3).[3]
Having determined that the agreement is enforceable, the issue is whether the requirement of Domestic Relations Law § 170 (6) that the parties live separate and apart pursuant to the agreement for a “period of one or more years” has been satisfied. More specifically, the court must determine whether the requisite period of separation can be calculated from the date of signing on August 28, 2002, before the acknowledgment was in proper form. This appears to be an issue of first impression. As noted above, the Court of Appeals in Matisoff (supra at 137) commented that “[i]t is . . . unclear whether acknowledgment must be contemporaneous with the signing of the agreement.” More recently, in Halsey v Halsey (296 AD2d 28, 30-31 [2d Dept 2002]), the Court noted that “[t]he ‘vital and operative’ fact in Domestic Relations Law § 170 (6) divorce cases is the actual liv *621 ing apart of the parties — pursuant to the separation agreement (Gleason v Gleason, supra at 35).” The Court further noted that “[i]t is the physical separation rather than the writing which constitutes the actual basis of the cause (see Christian v Christian, 42 NY2d 63)” (id. at 31).
The court finds that the purpose of Domestic Relations Law § 170 (6) has been met under the circumstances of this case and that there is no legitimate purpose to be served by requiring the parties to reapply for a divorce following expiration of the requisite period from the date of proper acknowledgment, or January 23, 2004. The parties’ physical separation for more than one year is evidenced by a written agreement, which was signed by both parties and was formalized before a notary. The only defect in that agreement was that the acknowledgment applied to the signature of a subscribing witness, rather than of a person who executed the instrument. That defect was clearly a ministerial error.
As discussed above, the agreement is now valid and enforceable pursuant to the principles set forth in Matisoff (supra), Arizin (supra), and Detmer (supra). Moreover, defendant does not contest the instant application. Nor has any evidence been presented which would cast doubt on plaintiffs allegation that the parties have lived separate and apart for a period of one or more years since execution of the agreement. While the formality of a proper acknowledgment may be essential to the validity and enforcement of separation agreements (see, Matisoff, supra at 133-136), under the circumstances of this case, the defect should not bar the parties from obtaining a judgment of divorce pursuant to Domestic Relations Law § 170 (6). Specifically, the separation agreement was duly executed before a notary and was filed in the county clerk’s office soon thereafter. Thus, there is no possibility of an attempt to backdate the agreement or to obtain a judgment of divorce by misrepresentation. Furthermore, there is no dispute that the parties have lived separate and apart for a period of one or more years from the date of actual execution of the agreement and proper acknowledgment has occurred subsequent to the execution thereof and prior to the application for a judgment of divorce.
Accordingly, it is ordered that plaintiffs application (ex parte motion) for a divorce is hereby granted.

. Each acknowledgment also contained the signature and stamp of the notary public.

. The court notes that the first acknowledgment records a date of January 24, 2003.

. The court also looks to Detmer v Detmer (248 AD2d 582 [2d Dept 1998]). In Detmer (at 582), the Court indicated that it is possible for a defective acknowledgment to be cured when it stated that “[i]t is uncontroverted that the alleged separation agreement executed by the parties was not properly acknowledged at the time that it was executed. Assuming without deciding that a defective acknowledgement can be cured after the fact (see, Matisoff v Dobi, 90 NY2d 127, 137), the appellant husband has failed to offer a proper acknowledgement. ’ ’