■ JACK D'ELIA, Respondent, v JOANNE D'ELIA, Appellant. [788 NYS2d 156]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated December 10, 2002, which, inter alia, after a nonjury trial, and after a decision of the same court dated September 17, 2002, finding that the marital residence is the sole separate property of the plaintiff, awarded exclusive use and occupancy of the marital residence to the plaintiff.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision that the marital residence, located at 158-30 92nd Street, Howard Beach, New York, is marital property; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending the entry of the amended judgment, the plaintiff is awarded exclusive use and occupancy of the marital residence.

It is uncontroverted that the parties' postnuptial agreement was not properly acknowledged at the time that it was executed. The defendant's attempt to cure the acknowledgment defect by submitting a duly-executed certificate of acknowledgment at trial was not sufficient (*see Filkins v Filkins,* 303 AD2d 934 [2003]; *Anonymous v Anonymous,* 253 AD2d 696 [1998]). The postnuptial agreement cannot, therefore, serve as the basis for a determination that the marital residence, which was purchased by the plaintiff prior to the marriage, is now marital property (*see* Domestic Relations Law § 236 [B] [3]; *Matisoff v Dobi,* 90 NY2d 127, 137-138 [1997]).

Nevertheless, the deed by which the plaintiff conveyed to the defendant a one-half undivided interest in the marital residence was duly executed and acknowledged and, without regard to the postnuptial agreement, presumptively changed the character of the property from separate to marital (*see Diaco v Diaco,* 278 AD2d 358 [2000]; *Schmidlapp v Schmidlapp,* 220 AD2d 571, 572 [1995]). The Supreme Court's finding that the conveyance was the result of fraud, overreaching, and duress is unsupported by the record. The plaintiff did not establish any facts sufficient to overcome the presumption that the deed was validly conveyed (*see Elder v Elder,* 2 AD3d 671 [2003]; *Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417 [1998]; *Lum v Antonelli,* 102

AD2d 258 [1984]), or even to shift the burden to the defendant "to prove freedom from fraud, deception or undue influence" (*Matter of Greiff*, 92 NY2d 341, 347 [1998]).

As a result, the court was required, pursuant to Domestic Relations Law § 236 (B) (5) (a), to "determine the respective rights of the parties in their separate or marital property, and . . . provide for the disposition thereof in the final judgment." The Supreme Court's award of exclusive use and occupancy of the marital residence to the plaintiff failed to satisfy this obligation. The matter therefore must be remitted to the Supreme Court for the equitable distribution of the marital residence, subject to any separate property credit to which either party may be entitled (*see Seifried v Seifried,* 296 AD2d 398, 399 [2002]; *Robertson v Robertson,* 186 AD2d 124 [1992]; *Zago v Zago,* 177 AD2d 691, 692 [1991]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. H. Miller, J.P., Cozier, Krausman and Spolzino, JJ., concur.