**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**618**

**CA 11-02559**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

MICHELLE GALETTA, PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

GARY GALETTA, DEFENDANT-RESPONDENT.

---

BARNEY & AFFRONTI, LLP, ROCHESTER (FRANCIS C. AFFRONTI OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

STEPHEN M. LEONARDO, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John M. Owens, J.), entered September 28, 2011. The order, among other things, denied plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: After plaintiff commenced this divorce action, she moved for, inter alia, summary judgment determining that the parties' prenuptial agreement is invalid because it was not properly acknowledged. Contrary to plaintiff's contention, Supreme Court properly denied that part of her motion. Pursuant to Domestic Relations Law § 236 (B) (3), "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." In order to satisfy the acknowledgment requirement, "there must be an oral acknowledgment before an authorized officer, and a written certificate of acknowledgment must be attached to the agreement" (*Filkins v Filkins* [appeal No. 3], 303 AD2d 934, 934; *see Matisoff v Dobi*, 90 NY2d 127, 137-138; *see generally* Real Property Law §§ 291, 306).

We agree with plaintiff that the written certificate of acknowledgment is insufficient because it does not contain the information required by Real Property Law § 303, i.e., that the person taking the acknowledgment "knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument." Contrary to defendant's contention, the certificate was not in "substantial compliance" with the statute, and thus the court's reliance on *Weinstein v Weinstein* (36 AD3d 797, 798) for that proposition was misplaced. In *Weinstein*, the language in the certificate failed to conform to the "precise language" of the Real

Property Law (*id.*).  Here, however, the certificate fails to "stat[e] all the matters required to be done, known, or proved on the taking of such acknowledgment or proof" (§ 306).  Inasmuch as the certificate is devoid of information required by the Real Property Law, we conclude that it is insufficient on its face and does not establish that the prenuptial agreement was properly acknowledged (*see generally Fryer v Rockefeller*, 63 NY 268, 272-273; *Garguilio v Garguilio*, 122 AD2d 105, 106; *Gross v Rowley*, 147 App Div 529, 531-532).

We agree with defendant that a subsequently-filed affidavit from the notary who took defendant's acknowledgment raises a triable issue of fact whether the prenuptial agreement was properly acknowledged. Although the dissent correctly notes that defendant does not specifically contend in his brief on appeal that the affidavit cured the defect, we conclude that such a contention is implicit in defendant's submission of the notary's affidavit, the only purpose of which was to cure the defect, i.e., to supply the information missing from the contemporaneously-executed acknowledgment.  In addition, defendant's attorney raised that contention at oral argument of this appeal.  The issue squarely before us is thus whether defects in such an acknowledgment are subject to cure.  We conclude that they are.

In *Matisoff* (90 NY2d at 137), the Court of Appeals specifically declined to resolve the issue "whether and under what circumstances the absence of acknowledgment can be cured," and noted that other courts have been divided on the issue.  It is well settled that defects in an acknowledgment required by EPTL 5-1.1-A (e) (2) (*see* EPTL 5-1.1 [f] [2]), concerning waivers of the spousal right of election, may be cured (*see Matisoff*, 90 NY2d at 137; *Matter of Maul*, 176 Misc 170, 174, *affd* 262 App Div 941, *affd* 287 NY 694; *Matter of Saperstein*, 254 AD2d 88, 88-89; *see generally Rogers v Pell*, 154 NY 518, 530-531).  Inasmuch as the language of the EPTL contains the same "restrictive acknowledgment language as the Domestic Relations Law under discussion in the *Matisoff* case" (*D'Agrosa v Coniglio*, 12 Misc 3d 1179[A], 2006 NY Slip Op 51305[U], at *3), we conclude that the same reasoning should apply to Domestic Relations Law § 236 (B) (3) and that defects in the acknowledgment required by that section may be cured.

We recognize that there is a split of authority on the issue whether such defects may be cured, and this Court has yet to take a position.  In *Arizin v Covello* (175 Misc 2d 453, 457), the court held that "an unacknowledged nuptial agreement which is acknowledged on a subsequent date is enforceable in a matrimonial action as long as the subsequent acknowledgment complies with the statutory requirements of Domestic Relations Law § 236 (B) (3)" (*see also Hurley v Johnson*, 4 Misc 3d 616, 620).  We cited to *Arizin* in our decision in *Filkins* (303 AD2d at 934).  In *Filkins*, however, there was no written certificate of acknowledgment attached to the parties' prenuptial agreement, and we held that "plaintiff's attempt to cure the defect by having the agreement notarized and filed after commencement of [the] divorce action fail[ed] because the agreement was never reacknowledged in compliance with Domestic Relations Law § 236 (B) (3)" (*id.* at 934-935).  By citing to *Arizin*, we implicitly endorsed the possibility

that a defect in a technically improper acknowledgment accompanying a nuptial agreement could be cured (*see id.* at 935).

We recognize that the Second Department in *D'Elia v D'Elia* (14 AD3d 477, 478) held that the defendant's "attempt to cure the acknowledgment defect by submitting a duly-executed certificate of acknowledgment at trial was not sufficient," but it is not clear from that decision whether there was a contemporaneous acknowledgment that was technically improper. We also recognize that the First Department in *Anonymous v Anonymous* (253 AD2d 696, 697, *lv dismissed* 93 NY2d 888) "would not permit [the] defendant to cure [the] defect in the [prenuptial] agreement by an alleged acknowledgment in affidavit form which was executed and which surfaced some 12 years after the fact in the midst of a contested matrimonial action in light of the required formalities of Domestic Relations Law § 236 (B) (3)." Inasmuch as the preamble to the decision in *Anonymous* refers to "the absence of an acknowledgment" (*id.*), our decision herein is not inconsistent with that of the Second Department. Here, defendant is not attempting to cure the complete absence of a contemporaneous acknowledgment. Rather, he is attempting to submit evidence that there was, in fact, a proper and contemporaneous acknowledgment at the time the prenuptial agreement was executed. In our view, the affidavit from the notary who took defendant's acknowledgment is sufficient to raise a triable issue of fact whether "the parties . . . contemporaneously demonstrated the deliberate nature of their agreement" (*Schoeman, Marsh & Updike v Dobi*, 264 AD2d 572, 573, *lv dismissed* 94 NY2d 944, 97 NY2d 721, *lv denied* 100 NY2d 508; *cf. Leighton v Leighton*, 46 AD3d 264, 265, *appeal dismissed* 10 NY3d 739). The statements of the notary, i.e., that it was his usual and customary practice to ask and confirm that the person signing the document was the same person named in the document and that he or she was signing said document, "constitute competent and admissible evidence concerning routine professional practice sufficient to raise a triable issue of fact" (*Gier v CGF Health Sys.*, 307 AD2d 729, 730; *see generally Halloran v Virginia Chems.*, 41 NY2d 386, 389). We thus conclude that the court properly denied that part of plaintiff's motion for summary judgment seeking a determination as a matter of law that the parties' prenuptial agreement is invalid.

All concur except CENTRA and CARNI, JJ., who dissent and vote to modify in accordance with the following Memorandum: We respectfully dissent and would modify the order by granting plaintiff's motion to the extent that it seeks summary judgment determining that the parties' prenuptial agreement is invalid and unenforceable. We agree with the majority that the prenuptial agreement was not properly acknowledged because the certificate of acknowledgment of defendant's signature on the prenuptial agreement does not contain the information required by Real Property Law § 303, i.e., that the person taking the acknowledgment "knows or has satisfactory evidence[] that the person making it is the person described in and who executed such instrument." We disagree with the majority, however, that defendant raised a triable issue of fact sufficient to defeat the motion. In opposition to the motion, defendant submitted the affidavit of the notary who took defendant's acknowledgment of the prenuptial

agreement.  On appeal, defendant contends that the notary's affidavit "reaffirmed" that the acknowledgment was valid.  We reject that contention because, as explained above, the certificate of acknowledgment was defective on its face and thus was not valid in the first instance.  Defendant does not contend in the alternative that, if the acknowledgment was defective, the notary's affidavit cured the defect.  Thus, unlike the majority, we would not reach that issue because it is not before us.

In any event, we write to note our disagreement with the majority that a defect in an acknowledgment may be cured (*see D'Elia v D'Elia*, 14 AD3d 477, 478; *see generally Filkins v Filkins* [appeal No. 3], 303 AD2d 934, 934-935).  Furthermore, "[e]ven assuming . . . that the requisite acknowledgment could be supplied" at a later time and is not required to be made contemporaneous with the signing of the prenuptial agreement, we conclude that the notary's affidavit does not establish the proper acknowledgment or even raise a triable issue of fact (*Matisoff v Dobi*, 90 NY2d 127, 137).  The notary averred that "[i]t was then, and has always been, my custom and practice when taking an acknowledgment to ask and confirm that the person signing the document was the same person named in the document and that he or she was signing said document.  I am confident I followed the same procedure when I took [defendant's] acknowledgment on" the prenuptial agreement.  That affidavit is insufficient to raise an issue of fact whether the notary "*kn[ew] or ha[d] satisfactory evidence*[] that the person making [the acknowledgment] is the person described in and who executed" the prenuptial agreement (Real Property Law § 303 [emphasis added]).  Stated differently, there was no "identity of the person making the acknowledgment with the person described in the instrument and the person who executed the same" (*Gross v Rowley*, 147 App Div 529, 531).

Entered:  June 15, 2012                              Frances E. Cafarell
                                                     Clerk of the Court