Anderson v Anderson (2020 NY Slip Op 04640)





Anderson v Anderson


2020 NY Slip Op 04640


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


158 CA 19-01260

[*1]CANDY ANDERSON, PLAINTIFF-APPELLANT,
v
JACK E. ANDERSON, DEFENDANT-RESPONDENT. 






LAW OFFICE OF BARBARA A. KILBRIDGE, BUFFALO (BARBARA A. KILBRIDGE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Stephen W. Cass, A.J.), entered December 19, 2018. The order, insofar as appealed from, denied that part of the motion of plaintiff seeking summary judgment on the complaint. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the motion is granted insofar as it sought summary judgment on the complaint.
Memorandum: Plaintiff commenced this action, which is ancillary to pending divorce actions commenced by plaintiff and defendant, seeking to set aside a nuptial agreement. Plaintiff alleged that the nuptial agreement is invalid and unenforceable because defendant's signature on the agreement was not acknowledged contemporaneously and, at the time when defendant's signature was eventually acknowledged, the parties did not mutually reaffirm the agreement. The litigation arises from the parties' marriage in August 2011. One month after the marriage, plaintiff signed and acknowledged a document titled "Prenuptial Agreement" (agreement). The parties dispute whether defendant also signed the agreement at that time, but there is no dispute that defendant's signature was not acknowledged before a notary public until nearly seven years later, in May 2018. In June 2018, and one month after defendant's signature was acknowledged, defendant commenced a divorce action, in which defendant sought a judgment of divorce that incorporated the agreement. Plaintiff thereafter commenced a separate divorce action. In this ancillary action to the pending divorce actions, plaintiff moved for summary judgment on her complaint as well as an award of $3,000 in attorney's fees. Supreme Court denied the motion, reasoning that defendant's later acknowledgment of the agreement cured any defect. Plaintiff appeals from the order insofar as it denied that part of her motion seeking summary judgment on the complaint. We reverse the order insofar as appealed from.
Domestic Relations Law § 236 (B) (3) provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." "The acknowledgment requirement [of section 236 (B) (3)] fulfills two important purposes" (Galetta v Galetta, 21 NY3d 186, 191 [2013]). "First, acknowledgment serves to prove the identity of the person whose name appears on the instrument and authenticate the signature of such person' " (id. at 191-192). "Second, it necessarily imposes on the signer a measure of deliberation in the act of executing the document" (id. at 192). "[T]he formality of an acknowledgment underscores the weighty personal choices to relinquish significant property or inheritance rights, or to resolve important issues concerning child custody, education and care" (id. [internal quotation marks omitted]).
It is undisputed that, at the time the parties entered into the agreement, there was no certificate of acknowledgment with respect to defendant's signature and thus the agreement was defective. We conclude that defendant's attempt to cure that defect nearly seven years later, and [*2]on the precipice of a divorce action, by having his signature acknowledged and then filing the agreement is insufficient to cure that defect.
Although the Domestic Relations Law does not expressly provide that a reaffirmation of the agreement is required under these circumstances, the statute does not speak at all regarding the cure of a defective nuptial agreement. The Court of Appeals, however, has remarked that the acknowledgment requirement imposed under Domestic Relations Law § 236 (B) (3) is "onerous and, in some respects, more exacting than the burden imposed when a deed is signed" (Galetta, 21 NY3d at 192) and that, unlike an unacknowledged deed, a prenuptial agreement is "unenforceable even if the parties acknowledge that the signatures are authentic and the agreement was not tainted by fraud or duress" (id.). Thus, while our dissenting colleagues view the acknowledgment requirement of the agreement as a mere technical step, the Court of Appeals has viewed the requirement as "onerous" and involving "weighty personal choices" (id.).
When discussing the issue whether a deficiency in a nuptial agreement that lacks an acknowledgment can be later cured, the Court noted, in dicta, that the weight of the authority in the Appellate Division permits "the absence of an acknowledgment to be cured after the fact, [but only if] both parties engaged in a mutual reaffirmation' of the agreement" (id. at 195 [emphasis added]). The Court commented that a rule that prohibits a party from attempting to unilaterally cure the absence of an acknowledgment "appears to be sound" (id. at 196).
Thus, we conclude that, when an acknowledgment is missing from a nuptial agreement, an acknowledgment and a reaffirmation by the parties is required to cure the defect. To hold otherwise would permit a spouse to act unilaterally to cure the lack of his or her acknowledgment at some later date, and would thereby permit that spouse to choose, based on circumstances that may have changed in ways unanticipated by the other spouse at the time of the initial signing of the agreement, whether to acknowledge the agreement and make it enforceable or to leave it unacknowledged and defective. When the parties mutually sign and acknowledge the agreement, it is clear that they are mutually binding themselves to the weighty decisions that they deliberated on. Thus, in order for the acknowledgment to have true significance and purpose, it must be done contemporaneously with the parties' signatures or, if the acknowledgment occurs at a later date, the agreement must be mutually reaffirmed by the parties (see generally D'Elia v D'Elia, 14 AD3d 477, 478 [2d Dept 2005]; Arizin v Covello, 175 Misc 2d 453, 457 [Sup Ct, NY County 1998]).
Because the agreement in this case was not reaffirmed by the parties at the time that defendant's signature was acknowledged, we conclude that the agreement is invalid and unenforceable and that plaintiff is therefore entitled to summary judgment on the complaint.
All concur except Curran and Troutman, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. Initially, it is undisputed that plaintiff's signature on the nuptial agreement was properly acknowledged, and she makes no assertion on appeal that she was induced into entering the agreement by fraud, overreaching or duress. Similarly, there is no alleged technical infirmity in the form of defendant's acknowledgment. We disagree, however, with the majority's conclusion that the agreement was invalid because it was required to have been contemporaneously acknowledged by the parties at the same time they signed the agreement and, because it was not contemporaneously acknowledged, it should have been "reaffirmed" by both parties to be valid.
Domestic Relations Law § 236 (B) (3) contains no language expressly imposing the requirement endorsed by the majority. Moreover, the cases on which the majority relies to support that conclusion cannot properly be read as holding that the statute contains a contemporaneous acknowledgment or reaffirmation requirement. To be sure, the Court of Appeals, in Galetta v Galetta (21 NY3d 186, 195 [2013]), observed that "the weight of Appellate Division authority is against permitting the absence of an acknowledgment to be cured after the fact, unless both parties engaged in mutual reaffirmation' of the agreement." Here, as Supreme Court accurately observed, however, the cases cited by the Court of Appeals in Galetta all involved the propriety of a subsequent acknowledgment to cure a defect that occurred at the time an agreement was initially acknowledged—they did not generally impose a "reaffirmation" requirement.
It also should not be supposed that the Court of Appeals added a reaffirmation requirement as a precondition to establishing the validity of nuptial agreements in mere dicta describing appellate authority, especially absent a statutory definition of the term "reaffirmation" in the Domestic Relations Law. Although Arizin v Covello (175 Misc 2d 453, 454-455 [Sup Ct, NY County 1998]) referenced a "reaffirmation" executed by the parties, the court in that case ultimately analyzed the legal issue in terms of whether the subsequent "acknowledgment" was valid, and the court concluded that the acknowledgment was valid (id. at 456-460). Here, as noted above, there is no dispute that defendant's acknowledgment was done in a technically correct manner.
The majority also imposes a further non-statutory requirement—that the acknowledgment "must be done contemporaneously with the parties' signatures." Respectfully, that mandate is unsupported by any precedent and is contrary to the well-settled principles that contracts, including nuptial agreements, are presumed to be valid (see Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; Matter of Sunshine, 51 AD2d 326, 327 [1st Dept 1976], affd 40 NY2d 875 [1976]), and may be executed in counterparts and at different locations—which implies that it is possible that such agreements will not be signed and acknowledged by the parties at exactly the same time (see generally Pulver v Pulver, 40 AD3d 1315, 1317 [3d Dept 2007]).
In imposing reaffirmation and contemporaneousness requirements, we submit that the majority's approach will likely result in continued efforts to define the precise scope of those new mandates. Thus, inasmuch as the nuptial agreement here was already properly acknowledged by the time its validity was required to be evaluated—i.e., when the matrimonial action was commenced—we would affirm the order on appeal.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court